EMILY JOHNSON HENN (SBN 269482)
COVINGTON & BURLING LLP
333 Twin Dolphin Drive, Suite 700
Redwood Shores, CA 94061
Telephone: 650-632-4700
Facsimile: 650-632-4800
Email: ehenn@cov.com

SONYA D. WINNER (SBN 200348)
CORTLIN H. LANNIN (SBN 266488)
COVINGTON & BURLING LLP
One Front Street, 35th Floor
San Francisco, CA 94102
Telephone: 415-591-6000
Facsimile: 415-591-6091
Email:  swinner@cov.com
Email: clannin@cov.com

Attorneys for Defendant The Procter & Gamble Company

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| JAMIE PETTIT, an individual, on behalf of himself, the general public, and those similarly situated,<br><br>   Plaintiff,<br><br>   v.<br><br>PROCTER & GAMBLE COMPANY; AND DOES 1 THROUGH 50,<br><br>   Defendants. | Civil Case No.: 3:15-cv-2150<br><br>**DEFENDANT THE PROCTER & GAMBLE COMPANY'S NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT** |

Defendant The Procter & Gamble Company ("P&G") hereby notices removal of this civil action from the Superior Court of the State of California, County of San Francisco, to the United States District Court for the Northern District of California, San Francisco Division. This Court has jurisdiction under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d).

In further support of this Notice of Removal, P&G states as follows:

## I. PROCEDURAL HISTORY

1. On April 6, 2015, plaintiff Jamie Pettit filed this action in the Superior Court of the State of California, County of San Francisco. A true and correct copy of the Class Action Complaint ("CAC") is attached hereto as **Exhibit A**.

2. Plaintiff served the CAC on P&G by delivering a copy of the CAC, a Summons, a Civil Case Cover Sheet, a Notice of Related Case, a Notice to Plaintiff, and an Alternative Dispute Resolution Program Information Package to P&G's registered agent for service of process on April 13, 2015. A true and correct copy of the Summons served on P&G is attached hereto as **Exhibit B**. A true and correct copy of the Civil Case Cover Sheet served on P&G is attached hereto as **Exhibit C**. A true and correct copy of the Notice of Related Case served on P&G is attached hereto as **Exhibit D**. A true and correct copy of the Notice to Plaintiff served on P&G is attached hereto as **Exhibit E**. A true and correct copy of the Alternative Dispute Resolution Program Information Package served on P&G is attached hereto as **Exhibit F**.

3. Exhibits A-F constitute all of the process, pleadings, and orders served on P&G in this case, and are attached hereto pursuant to 28 U.S.C. § 1446(a).

4. The CAC concerns P&G's sale and marketing of Charmin Freshmates Flushable Wipes ("Freshmates"), which are flushable moistened wipes intended for personal hygiene use. Ex. A, ¶¶ 1, 18. Plaintiff asserts that P&G's marketing and representation of Freshmates as "flushable" is deceptive and misleading, as Freshmates are allegedly "not suitable for disposal by flushing down a toilet," do not "disperse," are "not regarded as flushable by municipal sewage systems," and "after they are flushed, they routinely clog and damage plumbing pipes." *Id.* ¶ 21. In addition, plaintiff alleges that the "mere act of flushing" Freshmates violates the California Plumbing Code. *Id.* ¶ 1. Plaintiff asserts

2

DEFENDANT THE PROCTER & GAMBLE COMPANY'S
NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT
Civil Case No.: 3:15-cv-2150

that "[r]easonable consumers would not pay a premium to obtain the benefits of a 'flushable' wipe if Defendants [sic] disclosed the risks of flushing the wipes and that flushing the wipes is in fact illegal." *Id.* On behalf of a putative class of consumers who purchased Freshmates in California during the past four years, plaintiff asserts claims under California's Consumers Legal Remedies Act ("CLRA"), California's False Advertising Law ("FAL"), and California's Unfair Competition Law ("UCL"); and for common law fraud, deceit, and/or misrepresentation and negligent representation. *See id.* ¶¶ 80, 89-136. Plaintiff seeks a variety of remedies, including restitution, damages, and injunctive relief. *See id.* at p. 32-33.

## II. PARTIES

5. Named plaintiff Jamie Pettit is a resident of Long Beach, California. *Id.* ¶ 3.

6. Defendant P&G is a corporation incorporated under the laws of Ohio. Declaration of Emily Johnson Henn ¶ 2.[1] It has its principal place of business in Cincinnati, Ohio. Ex. A, ¶ 4.

7. The CAC also names as defendants Does 1-50, but does not allege the residency or citizenship of these defendants. *Id.* ¶ 5.

## III. TIMELINESS OF REMOVAL

8. P&G's registered agent received the summons served in this action on April 13, 2015.

9. This notice of removal is therefore timely pursuant to 28 U.S.C. § 1446(b) and Rule 6(a) of the Federal Rules of Civil Procedure. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999) (time for removal runs from receipt of formal service of process, including a summons).

---

[1] The CAC incorrectly asserts that P&G is incorporated under the laws of Delaware. Ex. A, ¶ 4. This error does not affect the analysis that follows, as P&G is still diverse from Pettit and the class of California consumers she seeks to represent.

3

DEFENDANT THE PROCTER & GAMBLE COMPANY'S
NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT
Civil Case No.: 3:15-cv-2150

## IV. BASIS FOR REMOVAL JURISDICTION

### A. Jurisdiction

10.  The claims asserted by plaintiff give rise to jurisdiction under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d).  P&G also invokes all other grounds for removal that exist under applicable law.

11.  This Court has jurisdiction over this action under CAFA, 28 U.S.C. § 1332(d), because this case is (1) a proposed class action within the meaning of CAFA, in which (2) "any member of a class of plaintiffs is a citizen of a State different from any defendant," (3) the "number of members of all proposed plaintiff classes in the aggregate is [not] less than 100," and (4) "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interests and costs."  *See* 28 U.S.C. § 1332(d)(2), (d)(5)(B).

### B. CAFA's "class action" requirement is satisfied.

12.  CAFA defines a "class action" to include "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute . . . authorizing an action to be brought by 1 or more representative persons as a class action."  28 U.S.C. § 1332(d)(1)(B).  This case qualifies as a class action removable under Section 1332(d)(1)(B).  Plaintiff's CAC, which is styled as a "Class Action Complaint," states that she "brings this action against Defendants on behalf of herself and all other similarly situated, as a class action pursuant to section 382 of the California Code of Civil Procedure and section 1781 of the California Civil Code."  Ex. A, ¶ 80.

13.  Specifically, plaintiff seeks to represent all persons who, between April 6, 2011 and the present, "purchased in California the Charmin Freshmates Flushable Wipes []."  *Id.*

### C. CAFA's minimal diversity requirement is satisfied.

14.  CAFA's minimal diversity requirement is satisfied when "any member of a class of plaintiffs is a citizen of a State different from any defendant."  28 U.S.C. § 1332(d)(2)(A).  This requirement is satisfied here because (a) plaintiff is a resident of California and seeks to represent a class of California consumers, and (b) P&G is not a citizen of California.  P&G is not incorporated in California and does not have its main offices or principal places of business here.  *See* Henn Decl. ¶ 2;

4

Ex. A, ¶ 4.  Because P&G is diverse from the California consumers whom plaintiff seeks to represent, CAFA's minimal diversity requirement is satisfied.

### D. CAFA's amount-in-controversy requirement is satisfied.

15.  CAFA jurisdiction requires that "the matter in controversy [must] exceed[] the sum or value of $5,000,000, exclusive of interest and costs."  28 U.S.C. § 1332(d)(2).  "In any class action, the claims of the individual class members shall be aggregated to determine whether the matter in controversy" meets the $5,000,000 threshold.  *Id.* § 1332(d)(6).

16.  A notice of removal "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold," not an evidentiary submission.  *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014); *see also Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193, 1196 (9th Cir. 2015) (recognizing *Dart*'s holding).

17.  Plaintiff seeks damages for each class member that include "the amount they paid" for Freshmates during the past four years.  Ex. A, ¶¶ 116, 132.  Plaintiff also seeks for class members "full restitution of monies … to restore any and all monies acquired by Defendants from Plaintiff, the general public, or those similarly situated…"  *Id.* ¶¶ 106, 134.

18.  Using data and records that P&G maintains in the normal course of business, P&G has conducted an analysis of major retailers' sales of Freshmates to consumers in certain metropolitan markets of California.  That analysis shows that just the major retailers in just the four largest California markets made sales of Freshmates well in excess of $5 million to consumers during the putative class period.  This total excludes additional sales of Freshmates by other retailers in those four markets, as well as sales of Freshmates in the rest of California.

19.  If the putative class is awarded the damages and restitution sought in the CAC, the analysis described above demonstrates that the amount awarded would be well in excess of $5 million.

20.  In addition, the CAC seeks attorneys' fees.  *See* Ex. A, at p. 33.  Such fees are included in any amount-in-controversy analysis.  *See Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 700 (9th Cir. 2007).

5

DEFENDANT THE PROCTER & GAMBLE COMPANY'S
NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT
Civil Case No.: 3:15-cv-2150

21. For the reasons set forth above, the relief sought in the CAC places more than $5,000,000 in controversy, exclusive of interest and costs. Thus, CAFA's amount-in-controversy requirement is satisfied. *See Dart*, 135 S. Ct. at 554.

### E. CAFA's numerosity requirement is satisfied.

22. This is not an action in which the "number of members of all proposed plaintiff classes in the aggregate is less than 100." 28 U.S.C. § 1332(d)(5)(B). Plaintiff brings this action on behalf of all consumers who purchased Freshmates in California over the past four years. Ex. A, ¶ 80. Plaintiff alleges that the size of the class is "composed of more than 100 persons." *Id.* ¶ 82. As such, the size of the putative class in this case exceeds the numerosity requirements imposed by 28 U.S.C. § 1332(d)(5)(B).

### F. All of CAFA's requirements are satisfied.

23. None of the exclusions to CAFA jurisdiction set forth in 28 U.S.C. § 1332(d)(4) apply here, as P&G is not a citizen of California.

24. For the foregoing reasons, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(d), and this action is removable pursuant to 28 U.S.C. §§ 1441, 1453.

25. The recitation of the allegations and requests for relief above is not a concession that plaintiff's allegations or legal theories have merit. P&G reserves the right to assert all applicable defenses in this matter and deny that plaintiff is in fact entitled to any relief.

## V. REMOVAL TO THE NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION, IS PROPER

26. Removal to the Northern District of California is proper because it is the district within which the state action is pending. *See* 28 U.S.C. § 1446(a).

### A. Intradistrict Assignment

27. Removal to the San Francisco Division of the Northern District of California is proper because it is the division within which the state action is pending. *See id.*

6

## VI. NOTICE TO STATE COURT AND PLAINTIFF

28. Counsel for P&G certify that, pursuant to 28 U.S.C. § 1446(d), copies of this Notice of Removal will be filed with the Clerk of the Superior Court of the State of California, County of San Francisco, and served upon counsel for plaintiff promptly.

WHEREFORE, the case now pending in the Superior Court of the State of California, County of San Francisco, No. CGC 15-545175, is hereby removed to the United States District Court for the Northern District of California pursuant to 28 U.S.C. §§ 1441, 1453.

DATED: May 13, 2015

By: */s/ Emily Johnson Henn*
Emily Johnson Henn (SBN 269482)
COVINGTON & BURLING LLP
333 Twin Dolphin Drive, Suite 700
Redwood Shores, CA 94061
Telephone: 650-632-4700
Facsimile: 650-632-4800
Email: ehenn@cov.com

Sonya D. Winner (SBN 200348)
Cortlin H. Lannin (SBN 266488)
COVINGTON & BURLING LLP
One Front Street, 35th Floor
San Francisco, CA 94102
Telephone: 415-591-6000
Facsimile: 415-591-6091
Email: swinner@cov.com
Email: clannin@cov.com

*Attorneys for Defendant*
The Procter & Gamble Company